IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROY KAFFERTY PUGHSLEY, 000983953, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Case No. 23-cv-3524-DWD |
| ILLINOIS DEPT. OF HUMAN SERVS., CHESTER MENTAL HEALTH CTR., TREY LAZENBY, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Roy Kafferty Pughsley, a detainee or inmate who is currently housed at Chester Mental Health Center (Chester) brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that on July 11, 2023, Defendant Trey Lazenby entered his room and physically assaulted him. Plaintiff seeks monetary compensation.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on July 11, 2023, Defendant Lazenby physically assaulted him in his room. (Doc. 1 at 8). As a result of the assault, he sustained a fractured leg. Plaintiff seeks monetary compensation.

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Count 1:** Eighth or Fourteenth Amendment excessive force claim against Defendant Lazenby for the alleged assault on Plaintiff on July 11, 2023;

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissal

Plaintiff named the Illinois Department of Human Services and Chester Mental Health Center as defendants in this action, but he did not describe their roles. Even if Plaintiff described involvement by these entities, they are not persons suable under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (states and their agencies are not persons subject to suit under § 1983). Accordingly, any claim against the Illinois

Department of Human Services or Chester Mental Health Center is dismissed without prejudice.

## Analysis

It is not clear if Plaintiff is a convicted individual who is detained at Chester for mental health treatment, or if he is a civil detainee. The distinction matters because a claim by a detainee would be assessed under the Fourteenth Amendment, whereas a claim by a convicted individual would be analyzed under the Eighth Amendment. *See Sain v. Wood*, 512 F. 3d 886, 893 (7th Cir. 2008) (a civil detainee's claims arise under the Fourteenth Amendment); *Kinglsey v. Hendrickson*, 576 U.S. 389, 400 (2015) (claims brought by a pretrial detainee are covered by the Fourteenth Amendment, while the Eighth Amendment concerns excessive force claims brought by a convicted person). Although the distinction will be important later, for now the allegations are sufficient to proceed against Lazenby under either the Eighth or Fourteenth Amendments, so Claim 1 may proceed.

## Motion for Recruitment of Counsel

Plaintiff has moved for recruited counsel (Doc. 3) on the premise that he is "not getting my correct responses". (Doc. 3 at 4). He also indicated that he has a post-graduate education, and that he has attempted to contact several law firms to represent him. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case,

does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  Plaintiff alleges he has attempted to secure his own counsel, though he did not supply proof of his efforts.  Plaintiff's effort to secure counsel is only part of the analysis.  The Court also considers the complexity of the case and Plaintiff's competence to proceed.  Plaintiff has indicated a post-graduate level of education, and his complaint is simple and straightforward.  At this juncture, the Court finds that he is competent to proceed, so the Motion for Counsel (Doc. 3) is **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendant Trey Lazenby.  By contrast, Plaintiff has failed to state a claim against the Illinois Department of Human Services or Chester Mental Health, and the Clerk of Court is **DIRECTED** to **TERMINATE** these parties.

The Clerk of Court is **DIRECTED** to prepare for Defendant Trey Lazenby: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it may involve the exchange of medical records.

Plaintiff's Motion for Counsel (Doc. 3) is **DENIED**.  By contrast, his Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED,** and this matter will be served by the Clerk of Court.

**IT IS SO ORDERED.**

Dated: December 6, 2023                                      /s *David W. Dugan*
                                                            _____
                                                            DAVID W. DUGAN
                                                            United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.